## McBRAYER v. SMITH.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912.)

1. PARTNERSHIP (§ 9*)—EXISTENCE OF RELATION.

 One employed to assist a piano dealer during a special sale was not a partner with the dealer, where he was to receive a specified part of the profits during the sale, and where he had no interest in the stock, and was to bear no part of the expenses incidental to the sale, and his act in taking a piano of the stock and selling it to pay for services without the consent of the dealer was unauthorized.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 26–32; Dec. Dig. § 9.*]

2. PRINCIPAL AND AGENT (§ 103*)—ACTS OF AGENT—TRANSACTIONS WITH THIRD PERSONS.

 Where an employé to assist a dealer in a piano sale for a part of the profits took possession of a piano of the dealer, and placed it with his own stock, and sold it to a buyer, who did not rely on the agency of the employé to sell, the buyer could not claim title as against the dealer on the theory that the employé acted as agent in making the sale.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 339; Dec. Dig. § 103.*]

Appeal from Fannin County Court; Rosser Thomas, Judge.

Action by A. E. McBrayer against A. T. Smith. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

J. W. Gross, of Bonham, and R. L. Moulden, of Farmersville, for appellant. J. M. Baldwin, of Honey Grove, for appellee.

HODGES, J. Appellant sued the appellee in the justice court of Fannin county, to recover a piano, or its value. Judgment was rendered in favor of the appellee in both the justice and the county courts. The facts show that in April, 1910, appellant and his brother, who were doing business under the firm name of McBrayer Bros., opened what they called a "special sale" of pianos at Honey Grove, and employed one J. F. Smith to assist them. This special sale continued during the month of April and until about the 20th of May following, when it was closed and the McBrayer Bros. moved that portion of the pianos which had not been disposed of to Whitewright, Tex. The piano in question belonged to the appellant. It was put in with the stock at Honey Grove for sale, and later placed in the residence of a prospective purchaser for trial. It was left there when the stock was removed to Whitewright. J. F. Smith testified for the appellee that McBrayer Bros. had agreed to pay him for his services in assisting them in conducting this special sale one-third of the profits. After their removal to Whitewright, he undertook to secure a settlement, and the payment of what he claimed was due him, but failed. Smith, acting under the advice of an attorney, went out and took possession of this piano and sold it to the appellee, A. T. Smith.

The court charged upon the issues of partnership and agency, and authorized a finding in favor of the appellee if the jury believed there was a partnership between J. F. Smith and McBrayer Bros., or that Smith was their agent, and had apparent authority to sell the piano in controversy. These charges are complained of in the assignments of error.

[1] The issue of partnership was not involved. The property was clearly shown to be that of the appellant. J. F. Smith took possession of it without any color of authority, and sold it without the knowledge or the consent of the appellant about a month after the temporary enterprise which had been

conducted in Honey Grove had been closed. According to Smith's own statements, he was to receive only one-third of the profits that were acquired during the special sale before referred to. This was not sufficient to make him a partner in the business. Buzard v. Bank, 67 Tex. 92, 2 S. W. 54, 60 Am. Rep. 7; Brown v. Watson, 72 Tex. 220, 10 S. W. 395. It is not pretended that Smith had any interest in the original stock of goods, and, according to his own testimony, he was to bear no part of the rents or other expenses incident to the sale.

[2] Neither was there any evidence to authorize the submission of the issue of agency. It is shown that the appellee resided in the town of Honey Grove, and there is no evidence that he relied upon J. F. Smith's being the agent of McBrayer Bros. in the sale of this instrument. J. F. Smith had at that time formed a partnership with another party, and they together were conducting a business in which pianos were sold. It appears from the evidence that this instrument was placed in with that stock, and the purchase was made under circumstances probably indicating that it was a part of the stock belonging at that time to J. F. Smith.

We not only think the court erred in charging as he did, but also that the verdict of the jury is unsupported by the testimony.

The judgment is accordingly reversed, and the cause remanded.